IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LORRAINE J. BILLIE, | * | |
| Plaintiff, | * | |
| | | Civil Action No. RDB-21-0477 |
| v. | * | |
| LINDA S. VALLANCE, *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

In this case, Plaintiff Lorraine J. Billie ("Plaintiff") brings claims for fraud, conversion, negligence, and breach of contract against Defendants Linda S. Vallance ("Ms. Vallance") and Nationwide Life Insurance Company ("Nationwide"), arising from the alleged forgery of a signature on a policy change document prepared by Ms. Vallance as an agent of Nationwide. (Compl. ¶ 12, ECF No. 4.) Nationwide removed this case from the Circuit Court of Maryland for Washington County on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1.) Now pending is Plaintiff's Motion for Remand to the Circuit Court for Washington County. (Motion for Remand, ECF No. 18.) The sole issue raised by this motion is whether the forum defendant rule precludes the removal of this case, as Ms. Vallance is a resident of Maryland. (*Id.* at 6.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021).  For the reasons stated herein, Plaintiff's Motion for Remand to the Circuit Court for Washington County (ECF No. 18) is GRANTED and this case is REMANDED to the Circuit Court of Maryland for Washington County.

## BACKGROUND

The facts set forth below are viewed in the light most favorable to Plaintiff, as Defendant Nationwide bears the burden of demonstrating that removal is proper. *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 297 (4th Cir. 2008). Plaintiff Lorraine J. Billie is a Pennsylvania resident. (Compl. ¶ 2.) She is the duly qualified Executrix of the estate of Elizabeth Ann O'Neal, her former spouse and a Pennsylvania resident who passed away on January 30, 2020. (*Id.* ¶¶ 1, 9.) Defendant Nationwide Life Insurance Company is an Ohio-based corporation authorized to conduct business in Maryland and Pennsylvania. (*Id.* ¶ 4.) Defendant Linda S. Vallance is a resident of Maryland. (*Id.* ¶ 3.) Ms. Vallance is O'Neal's sister, and was a duly authorized and registered agent of Nationwide at the time of the events at issue in this case. (*Id.* ¶¶ 3, 5.)

In 2016, on behalf of Nationwide, Vallance solicited O'Neal to purchase an Individual Retirement Annuity Contract for $506,420.68. (*Id.* ¶¶ 6, 8.) At the time O'Neal entered the contract, Plaintiff was designated the "Contingent Annuitant" of her annuity policy. (*Id.* ¶ 9.) Plaintiff was also the beneficiary of the residuary clause in O'Neal's Will and Testament, lawfully executed on January 27, 2010. (*Id.* ¶ 10.) This will was admitted to probate in Pennsylvania on July 1, 2020. (*Id.* ¶ 11.) Plaintiff alleges that, on or about April 4, 2018, Vallance forged O'Neal's signature on an "Annuitant Change Request," removing Plaintiff as the Contingent Annuitant and fraudulently designating herself the "Primary Beneficiary" of the policy. (*Id.* ¶ 12.) Plaintiff further asserts that Nationwide, as Vallance's employer, failed to implement security measures to ensure that this change was legitimate, and failed to keep appropriate records to verify the transaction. (*Id.* ¶¶ 14, 17.)

On January 22, 2021, Plaintiff filed suit in the Circuit Court of Maryland for Washington County against Defendants Vallance and Nationwide. (Notice of Removal ¶ 19.) On February 24, 2021, Nationwide filed a Notice of Removal with this Court, asserting that Ms. Vallance had not been served with process prior to removal.[1] (*Id.* ¶ 16.) Plaintiff timely filed the pending Motion for Remand to the Circuit Court for Washington County on March 25, 2021, attaching an affidavit from the process server that insists Ms. Vallance was properly served on February 9, 2021. (Aff. of Service, ECF No. 18-1.) Nationwide filed a Response to the pending motion on April 8, 2021. (Response in Opposition, ECF No. 19.) In its Response, Nationwide included a competing affidavit from Ms. Vallance claiming that she was not at the service address on the night in question, and a screenshot of several text messages purporting to corroborate her whereabouts and activities. (Aff. of Linda S. Vallance, ECF No. 19-3.)

## STANDARD OF REVIEW

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective. 28 U.S.C. § 1447(c). It is well established that the party seeking removal bears the burden of establishing jurisdiction in the federal court. *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008).

---

[1] On February 3, 2021, Plaintiff properly served her Complaint on the Maryland Insurance Commissioner, Nationwide's Resident Agent for service of process. (*Id.* ¶ 11.) Neither party asserts that service on Nationwide was improper.

On a motion to remand, this Court must "'strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court.'" *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701–02 (D. Md. 1997) (citation omitted); *accord Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815–16 (4th Cir. 2004); *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("If federal jurisdiction is doubtful, a remand is necessary").

## ANALYSIS

The sole issue presented is whether the forum defendant rule precludes removal of this case, as Ms. Vallance is a Maryland resident. The forum defendant rule provides that a diversity case may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The rule "is a logical addendum to the diversity jurisdiction statute" that balances the defendant's removal rights against the plaintiff's right to select their preferred forum. *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 724–25 (D. Md. 2017). As "[t]he basic purpose of diversity jurisdiction is to 'give a citizen of a foreign state access to an unbiased court to protect him from parochialism,'" the forum defendant rule is designed "to prevent an in-state defendant, who does not face regional discrimination from their state courts, from stymieing a plaintiff's choice of a state court forum." *Id.* at 724–25 (quoting *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968)) (alterations omitted).

Neither party disputes that Ms. Vallance is a Maryland resident. Instead, Plaintiff and Nationwide center their arguments on the requirement that the forum defendant be "properly joined and served" for the forum defendant rule to preclude removal. 28 U.S.C. § 1441(b)(2). The parties cite cases involving challenges to subject matter jurisdiction to insist that this is an

4

evidentiary question, requiring this Court to weigh the competing evidence and determine whether Ms. Vallance was properly served. *See, e.g.*, *Middel v. Middel*, 471 F. Supp. 3d 688, 692 (D. Md. 2020) ("The party asserting subject matter jurisdiction . . . must prove the facts necessary to establish jurisdiction by a preponderance of the evidence."). However, Plaintiff does not argue that this Court lacks subject matter jurisdiction. The parties concede that this Court has diversity jurisdiction under 28 U.S.C. § 1332, as complete diversity of citizenship exists among the parties and the annuity contract is worth well over $75,000. Instead, the parties exclusively argue that removal is precluded by the forum defendant rule—which is "a procedural hurdle, and not a jurisdictional bar." *See Medish*, 272 F. Supp. 3d at 724 (observing that "removal by a forum defendant is a procedural defect" and thus "the presence of solely forum defendants in this case does not defeat jurisdiction"). Standards that govern challenges to this Court's subject matter jurisdiction are inapplicable here.

Moreover, even if Ms. Vallance was not properly served, this court applies the forum defendant rule in pre-service removal cases unless the plaintiff has engaged in gamesmanship. "'There is a broad and growing divide among the district courts'" as to whether the phrase "properly joined and served" in 28 U.S.C. § 1441 permits removal when the forum defendant has not yet been served. *Reimold v. Gokaslan*, 110 F. Supp. 3d 641, 643 (D. Md. 2015) (quoting *Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 550 (S.D. W.Va. 2015)). The Second and Third Circuits read the phrase in accordance with its plain meaning, allowing removal when the forum defendant has not yet been served. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 706–07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153–54 (3d Cir. 2018). Comparatively, the Eleventh Circuit has held that a literal reading

5

of the phrase undermines the purpose of the rule and contradicts the strict construction of removal statutes. *See Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014).

The United States Court of Appeals for the Fourth Circuit has not ruled on this issue. However, the Fourth Circuit departs from the plain meaning rule of statutory interpretation "when literal application of the statute results in (1) absurdity, or (2) an outcome at odds with clearly expressed congressional intent." *Sommer v. BMW of North America, LLC*, Civ. No. RDB-20-3027, 2021 WL 1890651, at *2 (D. Md. May 11, 2021); *see also RCI Tech. Corp. v. Sunterra Corp. (In re Sunterra Corp.)*, 361 F.3d 257, 265 (4th Cir. 2004). Accordingly, the growing trend in this Court is to follow the Eleventh Circuit by embracing a functional reading of 28 U.S.C. § 1441(b)(2) that better aligns with the objectives of the forum defendant rule. *E.g.*, *Sommer*, 2021 WL 1890651 (Bennett, J.); *Teamsters Local 677 Health Servs. & Ins. Plan v. Friedman*, No. CCB-18-3868, 2019 WL 5423727 (D. Md. Oct. 23, 2019) (Blake, J.); *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719 (D. Md. 2017) (Bredar, C.J.); *Caillouet v. Annapolis Yacht Co., LLC*, Civ. No. ELH-16-1698, 2016 WL 8737484 (D. Md. Aug. 5, 2016) (Hollander, J.). Under this interpretation, this Court will apply the forum defendant rule unless there is evidence of "gamesmanship by plaintiffs," such as "blocking removal by joining as a defendant a resident party against whom the plaintiff does not intend to proceed, and whom the plaintiff does not even serve." *Sommer*, 2021 WL 1890651 at *3 (citations and alterations omitted).

A few recent examples demonstrate the soundness of this approach. In *Caillouet v. Annapolis Yacht Co., LLC*, Civ. No. ELH-16-1698, 2016 WL 8737484 (D. Md. Aug. 5, 2016), a Kentucky plaintiff filed suit against defendants from Maryland, Florida, and South Carolina for assorted claims arising from the purchase of a yacht. 2016 WL 8737484, at **1–2.

Defendants removed the case when a Maryland defendant argued that it had not been served. *Id.* at *2. Nevertheless, Judge Hollander granted Plaintiff's motion to remand, observing that the purpose of § 1441(b)(2) is to prevent gamesmanship by the plaintiff—and that a plain meaning interpretation of the statute would render a plaintiff's choice of a state court forum manipulable to "docket trolling" by defendants. *Id.* at **5, 7. The record offered "no indication that plaintiff has opportunistically sought to join defendants merely to prevent removal," as plaintiff had timely attempted to serve the Maryland defendant. *Id.* at *5. To the contrary, evidence suggested that the *defendants* were manipulating the docket: The Maryland defendant had led plaintiff to believe that service on counsel would be proper, only to remove the case when the plaintiff complied with their instructions. *Id.* at *7.

      Chief Judge Bredar expanded on this concept in *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719 (D. Md. 2017), where a D.C.-based hospital patient and his parents brought a medical malpractice claim against Johns Hopkins, a Maryland-based corporation, and the patient's treating physician, a citizen of India and Iowa. 272 F. Supp. 3d at 722. Before either defendant had been properly served, the physician-defendant removed the case. *Id.* Chief Judge Bredar granted the plaintiffs' motion to remand, emphasizing that "[t]he propriety of retaining a case in federal court jurisdiction cannot hinge on something as irrelevant to the purpose of the forum defendant rule as winning a race." *Id.* at 726–27; *accord Oxendine v. Merck & Co.*, 236 F. Supp. 2d 517, 526 (D. Md. 2002) ("[R]emovability [cannot] rationally turn on the timing or sequence of service of process"). The record contained no evidence that the plaintiffs had engaged in gamesmanship or opportunism: the Maryland defendants "were not inconsequential parties that Plaintiffs joined simply to defeat removal," but "major players" in

the alleged malpractice. *Id.* at 725. Moreover, there was no evidence that the plaintiffs had "sat on their hands when it came to serving any party," as the defendants had removed the case a mere two days after it had been filed, leaving the plaintiff "powerless to keep the matter in state court." *Id.* at 727. Although the Hopkins defendants had still not been served, this delay was attributable to the removal itself, as the state court now lacked jurisdiction to issue summons for the matter. *Id.* at 725 n.3.

Here, as in *Caillouet* and *Medish*, the record contains no evidence of gamesmanship. Ms. Vallance, the Maryland resident defendant, is not an inconsequential or artificial party, but the individual alleged to be responsible for the forgery that forms the basis of Plaintiff's claim. (Compl. ¶ 12.) Moreover, Plaintiff did not sit on her hands or attempt to thwart service: The record suggests Plaintiff acted diligently to serve Ms. Vallance, as the process server attempted service on February 9, just over two weeks after the case was filed in the Circuit Court on January 22. (*See* Notice of Removal ¶ 19, Aff. of Service.) Even assuming service was defective, there is no evidence that any defects are the result of manipulations or misconduct by Plaintiff. Absent such gamesmanship, denying Plaintiff's motion "would incentivize 'docket trolling,' would cut against the proposition that plaintiffs are generally permitted to choose their preferred forum, and would start to move these proceedings into the zone of 'absurdity,'" allowing this Court's removal jurisdiction to rest on a mere technicality. *Medish*, 272 F. Supp. 3d at 726; *accord Teamsters Local 677*, 2019 WL 5423727, at *3 (finding "a literal reading of the statute, which effectively rewards docket monitoring and the ability to take swift legal action, privileges sophisticated litigants over those perhaps unfamiliar with the peculiarities of federal jurisdiction"). Accordingly, Plaintiff's motion to remand will be GRANTED.

## CONCLUSION

Mindful of "Congress's desire that courts lean in favor of retained state court jurisdiction, and the stringent standard of review for motions to remand set down in the Fourth Circuit," *Medish*, 272 F. Supp. 3d at 727, this Court finds remand the appropriate and prudent course. For the reasons stated above, it is this 23rd day of August, 2021, hereby ORDERED that:

1. Plaintiffs' Motion for Remand to the Circuit Court for Washington County (ECF No. 18.) is GRANTED;

2. This case shall be REMANDED to the Circuit Court for Washington County; and

3. A copy of this Memorandum Order shall be sent to counsel of record.

    __/s/_____
    Richard D. Bennett
    United States District Judge